Roland Salazar    TR. Ct. NO. 1118235-B
&amp; TR. Ct. NO. 1118235-C    (1)

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 31 2015

Abel Acosta, Clerk

73,718-02103

&amp; WR-73-716-02
&amp; WR-73-716-03

(July 2015)

Comes now Roland Salazar who is the appellant in this actual Innocent appeal to the Texas Court of Criminal appeals... and moves this Court to instruct the lower Houston Harris County Court door "263rd" to provide this appellant the legal right to a fair trial in Court... by allowing a new discovery hearing.....or/and a hearing to disclose and prove/Show the Court that the Appellant has grounds and evidences discovered and needs to be presented in order to clear the appellant from these false charges and this false Conviction

on or about June 2005 until March (2) 2009 the appellant here...Roland Salazar fought in the Houston lower courts of appeal in case # N0. 01-07-00502-CR (2009) WL 5064003 (please review)...and that from 2007 until 2009 the appellant proved and showed **DISCOVERED** EVIDENCE that **1)** *Baylor College of MEDICINE during their testing of the D.N-A samples # evidence...had "excluded" Roland Salazar from having contributed to the crime...and from the crime scene. This was not shown or brought up during trail...and had it of been shown...the State surely wouldn't have convicted the innocent Salazar, during trail.

**2)** * the appellant has presented object "objection"...that was quickly "sustained"...without argument...to the use of "Intimidated ON A" that the state was (trying) to use as evidence. That the

crime lab 2006... had retested the DNA samples the State lab... and discovered (3) the samples to be contaminated D.N.A. This case was solely conveyed on the States accusations... accusing the appellant... simply saying that "Salazar did it..." without any other evidences or witnesses who said they saw or seen Salazar do this.

The appellant has alibi and witnesses still alive who could testify to the appellant other activities during this date of the crime. He testified in his own behalf... and showed the State that he did not do this crime... that he was with other people that day.

The State tried to falsely accuse the appellants witnesses as being partners in this crime. Stating that... "no wonder we <del>found</del> found (two) pairs of mens underwears left thrown on the bed"!

The appellant has no co-defendant and was the only <del>one</del> convicted. Expressly

ID. ph,3 case... even though the State claims they have more than one person who did (4) this crime... that they have newly discovered evidence that more than one person did this crime.

Baylor colledge of medicine (it was reveal during the Houston 1st dist. Court of appeal 2007 - 2009.).. that the testing done on Salazars D.N.A "excluded" the appellant from having contributed to this Crime. This Should.. and must be Shown to the Courts again... in order to exonerate the appellant from these false charges and this false conviction.

The appellant has asked for a attorney since he is ~~layman~~ knowledgeable in criminal law... and cannot properly represent himself... and would only prove "ineffective"... He has asked also.. in this 11:07.. for A *hearing... in order to Show the Courts the Baylor of colledge of medicine's finding.

The State did not prove "dead to the right" conviction. They took from 2005 until 2007 to "put together" talking dup accusations. (5) They simply kept accusing the appellant saying that Salazar did it... The D.N.A that they tried to use was "injected" too - and was quickly "suspended" as un reliable "contaminated D.N.A". please see trial transcripts 263rd Houston 2007 Cause# 1118235.

Salazar needs an attorney. He has since his false conviction... maintained his innocence. He's been to the 5th Circ... 2. or 3 times... the 2254, 2 or 3 times. He needs an attorney and a hearing to prove again his innocence. The appellant pleads to this court to also question why there... if the appellant is not innocent. why was he given the "minimum penalty" for such a serious crime. That the appellant was declared at first of

Her brutal murder (2005). Then in 2007 the charges were added ~~upon~~ upon the appellant now occuring him of (6) kidnapping... agg. sex-assault and brutal murder. That he was accused also of prior offenses... and for ~~extraneous~~ purposes... paragraphs were added on the new 2007 indictment that should of sent the appellant to death row... if he weren't innocent. But he was instead given the minimum penalty and told not to complain. The State used ~~contaminated~~ contaminated D-N-A in this case against the defendant... where the only evidence they had was the D-N-A. The appellant... who is an actual innocent rape... pleads to this Court of appeals to prove him an ~~attorney~~ and instruct the lower courts to provide a hearing ~~hearing~~ in order to bring these newly discovered evidences up.

The appellant is a 9th grade drop out looking from the time that he was 12 till he was sent to prison. He cannot possibly defend himself properly against the States Dist. attorneys... who are all college graduates and are crafted with the law.     The appellant has evidences of his innocent. 1) the Baylor college of medicine findings... discovered on appeal

2) The contaminated D.N.A.... oljected to and dismissed... without argument.

3). alibis and witnesses... that were not called to the trial

4.) was given the minimum penalty... proving false conviction false sentencing. Evidence that they didn't want to put on actual innocent person on deathrow.

5.) Ineffective assistance of counsel

6.) an unfair trial. Trial date 6-7-2005 conviction & sentencing date 6-8-2005 (please see trial transcript dates) (one day of trial... proving that they did not thoroughly seek justice... But instead

"railroaded" the appellant. Simply accusing him. Hiring an D.N.A employee to say that it was his D.N.A. (Important) not the sperm... not the blood, not the spit, or hair found at the crime scene... but that the cloth that somebody used to tie the person up with..."was touched." Thats an easy thing to say. But the "Supposed" objection, preserved, in this case <u>relates</u> that finding.

The appellant is asking this court of appeals to see the court transcripts and put this together as it. As the appellant stated... the D.N.A. in this case...was uncontaminated D.N.A being used against the appellant. The sperm wasn't the appellant... the blood found wasn't... nor was the hair, or spit found to be the appellants. Baylor college of medicine finding—discovered in first round of appeals. No. 01-07-00507-CR.

The State is not securing the appellant of the Sperm nor the blood, spit, or hair (9) found. They have no finger prints... or any witness at any body that says they saw the appellant do this case.

The trail date started June 7th 2007 on June 8th 2007 the very next day the appellant was given the minimum penalty of a life sentence for a crime he did not commit. Proving an unfair trial in court room 263rd Houston. It is important that the court also know that... they arrested the appellant on June 30th 2005 - and held him there over 2 year before they afforded him this one day of trail. They originally had just only accused him of one charge... but took 2 years to take him to court... after reindicting him and bolstering the case with more charges. The cause # 1118235 was originally # 1032353, where they origin-

~~accused~~ accused the appellant of something he didn't have anything to do with. (10) They couldn't convict the appellant or properly accuse him within the Speedy trail Act... and took 2 years to reindite him with bolstering charges, such as the added _kidnapping_.

The appellant pleads again the _relief_. asking this appeals court for an attorney, to help properly defend myself from these foulse charges and this fouls conviction. Appellant is not on death row thank god.... That if he were truly not innocent— he would of been executed by now. But that he has proof ~~that~~ the State unproperly convicted the appellant... using foulse evod suces— contaminated D.N.A.

The appellant here pleads for relief... A hearing and a Attorney in which to properly defend himself from this case

R. SALAZAR